UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

BOBBY ALEXANDER WILLIAMS,    )
                             )
            Plaintiff,       )
                             )
v.                           )        No. 1:04-cv-1449-SEB-VSS
                             )
EVELYN RIDLEY-TURNER,        )
ZETTIE COTTON,               )
BRUCE LEMMON,                )
                             )
            Defendants.      )

**Entry Discussing Motion for Summary Judgment**

Plaintiff Bobby Williams was formerly confined at the Pendleton Correctional Facility ("PCF"), a prison operated by the Indiana Department of Correction ("DOC"). He alleges in this lawsuit that the conditions of his confinement at the PCF during a lockdown at the prison violated his federally secured rights. The defendants are former DOC Commissioner Evelyn Ridley-Turner, DOC Deputy Commissioner Bruce Lemmon, and former PCF Superintendent Zettie Cotton.

The defendants seek resolution of Williams' action through the entry of summary judgment. The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Note to 1963 Amendment of **FED.R.CIV.P.** 56(e) (quoted in *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "Summary Judgment is not appropriate 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" In a motion for summary judgment, the court "may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003)(citations omitted). "Rather, '[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial.'" *Id.* (quoting *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir. 1994)). If a reasonable jury could return a verdict in favor the nonmovant, summary judgment should not be granted. *Id.* (citation omitted).

A court will grant summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). The court must "construe all facts in a light most favorable to . . . the party opposing summary judgment, and . . . draw all reasonable inferences in his favor." *McGreal v. Ostrov,* 368 F.3d 657, 672 (7th Cir. 2004) (citation omitted). "'In the light most favorable' simply means that summary judgment is not appropriate if the court must make 'a choice of inferences.'" *Draghi v. County of Cook,* 184 F.3d 689, 691 (7th Cir. 1999) (quoting *Smith v. Severn,* 129 F.3d 419, 425 (7th Cir. 1997)). However, the nonmoving party bears the burden of coming forward with specific facts from the record which show a genuine issue of material fact. *Morfin v. City of E. Chi.,* 349 F.3d 989, 997 (7th Cir. 2003) (citation omitted). "It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered." *Liberles v. County of Cook,* 709 F.3d 1122, 1126 (7th Cir. 1983).

The Prison Litigation Reform Act requires that a prisoner exhaust his administrative

remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement applies to the treatment alleged by the plaintiff in his complaint. *Id.* at 532 (the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). The defendants contend that summary judgment is appropriate in this case because the plaintiff failed to comply with this requirement.

"In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). When applicable, the failure to exhaust available administrative remedies requires dismissal of a claim without reaching the merits. *Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532, 535 (7th Cir. 1999). The analysis which is to be undertaken in these circumstances is the following:

> [I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim . . . . [C]ourts merely need to ask whether the institution has an internal administrative grievance procedure by which prisoners can lodge complaints about prison conditions. If such an administrative process is in place, then § 1997e(a) requires inmates to exhaust those procedures before bringing a prison conditions claim.

*Massey v. Helman,* 196 F.3d 727, 733-34 (7th Cir. 1999). The Seventh Circuit

> has taken a strict compliance approach to exhaustion. A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

*Dole v. Chandler,* 2006 WL 435418, at *5 (7th Cir. February 24, 2006).

The evidentiary record in this case is straightforward: At the time of Williams' confinement at the PCF, there was a grievance procedure inmates could use to complain about and seek relief from the their treatment or the conditions of their confinement. There were five (5) steps in this grievance process, with Step 2 and successive steps being an appeal of the response or lack of response to the grievance at the previous step. Williams submitted grievances relating to the lockdown, but did not pursue any of these to the fifth and final step.

It is evident, therefore, that Williams did not fully exhaust the administrative process regarding the conditions of his confinement. This is a failure to exhaust. Williams suggests in his response to the motion for summary judgment that in fact administrative remedies were not available to him. He refers to a response by prison authorities to the grievance by another inmate, Marty Walters, directed to the lockdown at the PCF, was that the determining/lifting of a lockdown is beyond the scope of the inmate grievance procedure. There are two obstacles in reaching the inference Williams seeks to have drawn from the Walters' grievance response. The first obstacle is that Williams' account of the Walters' grievance response is hearsay and thus cannot be considered. *See Eisenstadt v. Centel Corp.,* 113 F.3d 738, 742 (7th Cir. 1997) ("hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial"). The second obstacle is that the information itself related to something done by another prisoner. There is nothing in the PLRA permitting inmates to exhaust administrative remedies through their surrogates. Even crediting the information Williams advances, the closest concept to what he has

identified is the possibility that for him to have completed the grievance process would have been futile–and it is clear that the apparent futility of filing a grievance is not an exception to the exhaustion requirement. *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001); *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). Williams also states that the PCF grievance officer did not respond to Williams' request for an interview at some point, but an inmate's interview with the grievance officer is not part of the prescribed procedure. Williams' effort was extraneous to the grievance process, and his efforts to explain his failure to exhaust available administrative remedies prior to filing this suit are therefore insufficient for that purpose.

Summary judgment is, in a rough sense, "the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Schacht v. Wisconsin Dep't of Corrections,* 175 F.3d 497, 504 (7th Cir. 1999). To survive the motion for summary judgment, Williams must come forward with facts "sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial." *Id.* at 322.  He has not done so, and the consequence of this, in light of 42 U.S.C. § 1997e(a), is that the claims against the moving defendants should not have been brought and must now be dismissed without prejudice. See *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004). The motion for summary judgment is **granted,** and judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 03/03/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana